IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE VAN MYERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-2060-K |
| MICHAEL JOHANNS, Secretary | § | |
| United States Department of Agriculture, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* race, sex, and age discrimination case brought by Jesse Van Myers, a Texas resident, against two of this former employers--the United States Department of Agriculture ("USDA") and the Dallas Independent School District ("DISD"). On November 7, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on December 6, 2006 and December 20, 2006. The court now determines that

plaintiff should be allowed to prosecute his Title VII race and sex discrimination claims against DISD. His age discrimination claim should be summarily dismissed and his claims against USDA should be severed from this action and transferred to the Phoenix Division of the District of Arizona.

II.

Plaintiff, an African-American male, was employed by USDA in various capacities from June 1977 until his termination on March 19, 1997. For most of his 20-year tenure with the agency, plaintiff worked for the Farmers Home Administration ("FmHA") in and around Phoenix, Arizona, where he allegedly was harassed and discriminated against by his supervisors. Plaintiff attributes this harassment and discrimination to the fact that he was the only African-American non-clerical worker employed by FmHA in Arizona.

Following his termination by USDA, plaintiff relocated to Dallas, Texas where he worked as a substitute teacher for DISD. On May 9, 2006, while teaching an Algebra class at South Oak Cliff High School, plaintiff allegedly pushed a student who tried to assault him. DISD administrators removed plaintiff from the school and instructed him not to teach anywhere else without permission. His employment with the school district was terminated at the end of the month. On August 7, 2006, plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") accusing DISD of race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII), 42 U.S.C. § 2000e, *et seq.* The EEOC concluded that plaintiff failed to establish a violation of the statute and issued a right-to-sue letter on August 10, 2006. Plaintiff then filed this action in federal district court.

A.

As a preliminary matter, the court notes that it lacks venue over the claims against USDA. Venue under Title VII is governed by 42 U.S.C. § 2000e-5, which provides, in pertinent part:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). A civil action filed in the wrong district or division may be transferred to any proper judicial district or division "for the convenience of parties and witnesses [or] in the interest of justice." 28 U.S.C. § 1404(a). *See also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975).

In the first part of his complaint, plaintiff alleges that he was discriminated against by USDA while working in and around Phoenix, Arizona. None of these claims have any connection to Dallas or any other locale in the Northern District of Texas. Accordingly, plaintiff's claims against USDA should be severed from this action and transferred to the Phoenix Division of the District of Arizona. *See* 28 U.S.C. § 1404(a).

B.

Plaintiff further alleges that he was discriminated against by DISD because of his race, sex, and age. In support of this claim, plaintiff points out that he was replaced by 12 different substitute teachers, mostly Caucasian women under 40 years of age, after his removal from South Oak Cliff High School. (*See* First Interrog. #1).

1.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

      (1)    is frivolous or malicious;

      (2)    fails to state a claim upon which relief can be granted; or

      (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

2.

To the extent plaintiff attempts to sue for age discrimination, he has failed to exhaust his administrative remedies. Under both Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*,[1] a plaintiff must exhaust administrative remedies before filing suit in federal court. *See, e.g. Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003) (Title VII); *Julian v. City of Houston*, 314 F.3d 721, 725-26 (5th Cir. 2002) (ADEA). The purpose of the exhaustion requirement is to allow the agency to

---

[1] Although plaintiff attempts to bring his age discrimination claim under Title VII, such a claim must be brought under the ADEA. *See Windham v. Cardinal Health, Inc.*, No. 5-04-CV-262, 2006 WL 51185 at *7 n.6 (S.D. Miss. Jan. 9, 2006), *citing Tranello v. Frey*, 758 F.Supp. 841, 850 n.3 (W.D.N.Y. 1991) ("The ADEA . . . provides the exclusive remedy for age discrimination claims.").

fully inquire into and attempt to resolve discrimination claims. *See Clayton v. Rumsfeld*, 106 Fed.Appx. 268, 271, 2004 WL 1739465 at *3 (5th Cir. Aug. 4, 2004). While a subsequent lawsuit is not limited to the specific complaints contained in a charge, the suit *is* limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charge of discrimination. *See Dollis v. Rubin,* 77 F.3d 777, 781 (5th Cir. 1995); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).

Here, plaintiff's EEOC charge alleges only race and sex discrimination. (*See* Sec. Interrog. #1, Doc. 2). Plaintiff did not check the box marked "age" on the charge form or make any reference to age discrimination on the part of DISD. As a result, plaintiff may not assert an age discrimination claim in federal court. *See Gonzales-Alemany v. Nicholson*, No. SA-04-CA-0773, 2006 WL 2706789 at *9 (W.D. Tex. Sept. 15, 2006) (plaintiff precluded from asserting age discrimination claim where she did not disclose claim to EEOC in a charge or otherwise).

3.

That leaves plaintiff's Title VII race and sex discrimination claims. In order to establish a *prima facie* case of discrimination under this statute, plaintiff must show that: (1) he is a member of a protected class, (2) he was qualified for the position, (3) he was discharged, and (4) he was replaced by someone outside the protected class. *See Miller v. Lowe's Home Centers, Inc.*, 184 Fed. Appx. 386, 390, 2006 WL 1601814 at *3 (5th Cir. Jun. 7, 2006), *citing Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003).

Plaintiff is an African-American male. Prior to his termination by DISD, plaintiff taught as a substitute teacher for several years, which presumably makes him qualified for that position. Plaintiff was replaced by 12 different substitute teachers, mostly Caucasian women, following his discharge by the school district. (*See* First Interrog. #1; Sec. Interrog. #1, Doc. 1). These allegations,

if proved, are sufficient to establish a *prima facie* case of race and sex discrimination. Consequently, plaintiff should be allowed to prosecute those claims against DISD.[2]

## RECOMMENDATION

Plaintiff should be allowed to prosecute his Title VII race and sex discrimination claims against DISD. His age discrimination claim should be summarily dismissed and his claims against USDA should be severed from this action and transferred to the Phoenix Division of the District of Arizona.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 9, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent plaintiff attempts to assert a Title VII claim against DISD Superintendent Michael Hinojosa in his individual capacity, he is precluded from doing so. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir.), *cert. denied*, 115 S.Ct. 574 (1994) (an individual may not be held personally liable for damages under Title VII).