IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE VAN MYERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2060-K |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendants Dallas Independent School District ("DISD") and Michael Hinojosa have filed a motion to dismiss this *pro se* Title VII race and sex discrimination case for failure to state a claim upon which relief can be granted. As grounds for their motion, defendants contend that no facts are alleged by plaintiff in his complaint or interrogatory answers which, if proved, establish a *prima facie* case of discrimination. In particular, defendants complain that plaintiff fails to allege that he was qualified to work as a substitute teacher or that he was terminated by DISD because of his race or gender.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), *quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 729 (1983). A district court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59

(1984). The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

The exacting standards governing Rule 12(b)(6) motions must be considered in light of the liberal pleading requirements of Fed. R. Civ. P. 8(a). In what is regarded as a seminal pleading case, the Supreme Court has reminded lower courts that, in order to survive a motion to dismiss, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002), *quoting* Fed. R. Civ. P. 8(a)(2). This simplified pleading standard applies to all civil actions. *Id.*, 122 S.Ct. at 998. Except in a limited set of cases,[1] a plaintiff is not required to plead facts supporting each and every element of his claim or legal theory. *Id.* Rather, a complaint is sufficient if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id., quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). *See also Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (interpreting *Swierkiewicz* to mean that "[a] complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts"). Liberal discovery rules and summary judgment motions, not motions to dismiss, should be used to define disputed facts and issues and to dispose of unmeritorious claims. *See Swierkiewicz*, 122 S.Ct. at 998.

Defendants seek dismissal of this Title VII case because plaintiff does not allege that he was qualified to work as a substitute teacher or that he was terminated by DISD because he is African-American and male. While these elements are necessary to prove a *prima facie* case of

---

[1] These exceptions are found in Rule 9(b), which provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b).

discrimination, this evidentiary standard is not a pleading requirement. *See Ragsdale v. Classroom Teachers of Dallas*, No. 3-06-CV-0863-K, 2007 WL 426502 at *3 (N.D. Tex. Feb. 5, 2007).[2] After screening plaintiff's *pro se* complaint and interrogatory answers, the court determined that summary dismissal was not proper. Implicit in that decision was a finding that plaintiff could survive a Rule 12(b)(6) motion to dismiss. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (court may summarily dismiss complaint filed *in forma pauperis* for failure to state a claim upon which relief can be granted). Moreover, in response to written interrogatories propounded by the magistrate judge, plaintiff attached a copy of the Charge of Discrimination he filed with the EEOC on August 7, 2006. In that charge, plaintiff alleged that "I was removed from the substitute teacher's list and discharged on or about May 19, 2006." That plaintiff worked as a substitute teacher for DISD at least suggests that he was qualified for that position. Plaintiff further alleged that "I believe I have been discriminated against because of my race, Black, and sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended." Without suggesting a view of the merits of the arguments presented by defendants in another procedural context, such as a motion for summary judgment, the court concludes that dismissal is not proper at the pleading stage.

For these reasons, defendants' motion to dismiss [Doc. #19] is denied. Defendants shall serve an answer within 10 days from the date of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

SO ORDERED.

DATED: March 5, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that the attorneys representing defendants in this action also represented DISD in *Ragsdale*.