IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE VAN MYERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2060-K |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendants Dallas Independent School District ("DISD") and its superintendent, Dr. Michael Hinojosa, have filed a motion for summary judgment in this *pro se* race and gender discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq*. In his complaint and EEOC filings, plaintiff, an African-American male, generally alleges that he was removed from his position as a substitute teacher at South Oak Cliff High School and taken-off the list of approved substitute teachers for DISD on account of his race and gender. (*See* Plf. Compl. at 17, ¶¶ 80-81; Mag. J. Interrog. #1(a) & Attch.). Defendants move for summary judgment on the grounds that, *inter alia*, there is no direct or circumstantial evidence of discrimination. In addition, Dr. Hinojosa argues that he cannot be sued in his individual capacity under Title VII. The motion has been fully briefed by the parties and is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary

judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant who has the burden of proof at trial must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Fed. R. Civ. P. 56(e).[1] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

In order to satisfy his burden on summary judgment, plaintiff must adduce sufficient direct or circumstantial evidence that would permit a reasonable trier of fact to find that he was removed from the substitute teacher list on account of his race or gender. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2572 (2003). Alternatively, plaintiff may rely on circumstantial evidence to prove race or gender discrimination.

---

[1] Rule 56(e) provides, in relevant part:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.

FED. R. CIV. P. 56(e)(1).

First, plaintiff must establish a prima facie case of discrimination, which "creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The burden then shifts to defendant to articulate a legitimate, non-discriminatory reason for its employment decision. *Id.*, 101 S.Ct. at 1093. If the defendant meets its production burden, the prima facie case disappears and plaintiff must "offer sufficient evidence to create a genuine issue of material fact . . . that the defendant's reason is not true, but is instead a pretext for discrimination[.]" *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (internal quotations and citations omitted).[2]

Defendants contend that plaintiff cannot present any direct or circumstantial evidence of race or gender discrimination. Indeed, the record is devoid of direct evidence of discrimination, such as statements made by DISD personnel which show on their face that plaintiff was removed from the substitute teacher list because he is African-American or male. *See Fabela v. Socorro Indep. School Dist.*, 329 F.3d 409, 415 (5th Cir. 2003). Nor has plaintiff satisfied his burden of proving discrimination through circumstantial evidence. In particular, plaintiff has adduced no evidence that he was replaced by a person outside of his protected class or otherwise treated differently from employees outside of his protected class--an essential element of establishing a prima facie case of discrimination. *See Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000). Although plaintiff believes that two witnesses, Klisby Robinson and Velinda Thomas, will testify at trial that "more women than men" replaced plaintiff after he was fired and that "male African-Americans are released from DISD more readily than females and other ethnic groups," (*see* Plf.

---

[2] The mixed-motive alternative for proving discrimination under Title VII, endorsed by the Supreme Court in *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), is not applicable here because plaintiff does not concede that discrimination was not the sole reason he was removed from the substitute teacher list. *See Richardson v. Monitronics International, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005).

MSJ Resp. at 1-2), neither of those witnesses have proffered their testimony in admissible form. Plaintiff cannot rely on hearsay evidence to create a genuine issue of material fact for trial. *See Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995) ("Evidence on summary judgment may be considered to the extent not based on hearsay or other information excludable at trial.").[3]

## RECOMMENDATION

Defendants' motion for summary judgment [Doc. #38] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The court also notes, as it did in a prior order, that plaintiff cannot assert a Title VII claim against DISD Superintendent Michael Hinojosa in his individual capacity. *See Van Myers v. Dallas Indep. School Dist.*, No. 3-06-CV-2060-K, 2007 WL 177881 at *3 n.2 (N.D. Tex. Jan. 24, 2007), citing *Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir.), *cert. denied*, 115 S.Ct. 574 (1994) (an individual may not be held personally liable for damages under Title VII).